IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALID ANDERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DISTRICT ATTORNEY OF COUNTY | : | |
| OF PHILADELPHIA, ET AL. | : | NO. 12-1638 |

**ORDER**

**AND NOW,** this 14th day of November, 2012, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), Petitioner's Memorandum of Law in support of the Petition (Docket No. 8), and Petitioner's "Traverse Brief" (Docket No. 17), and after review of United States Magistrate Judge Linda K. Caracappa's Report and Recommendation (Docket No. 19), and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Docket No. 20), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**.

2. The Report and Recommendation of Judge Caracappa is **APPROVED** and **ADOPTED**.[1]

---

[1] Petitioner's Objections to the Magistrate Judge's Report and Recommendation present no new issues or arguments. Rather, Petitioner reargues that his Petition is not time-barred either because (1) the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") should have been tolled during the three-and-a-half years in which he was pursuing an untimely appeal in the state courts, or (2) he did not receive a timely copy of the PCRA court order dismissing his Petition and, thus, is entitled to equitable tolling under the governmental interference exception to the statutory time-bar. Judge Caracappa thoroughly addressed both of these arguments and correctly concluded that both were meritless. As she observed, the Pennsylvania Supreme Court denied review of a Superior Court order quashing Petitioner's PCRA appeal as untimely, and it is well-established that the AEDPA's limitation period is not tolled by a post-conviction application that is untimely under state law. See AEDPA, 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction . . . review . . . shall not be counted toward any period of limitation . . . ." (emphasis added)); see also Merritt v. Blaine, 326 F.3d 157, 163 (3d Cir. 2003) ("[A] PCRA petition that was dismissed by the state court as time-barred was not 'properly filed' under AEDPA." (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001))); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (stating that the state court's determination as to timeliness is the "end of the

3. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**;

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

5. The Clerk shall **CLOSE** this case.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.

---

matter" for purposes of the AEDPA (quotation and citation omitted)). Further, Judge Caracappa correctly explained that the government interference exception affords no relief to Petitioner because, even if Petitioner did not initially receive a copy of the PCRA court's order dismissing his Petition, he was plainly aware of the dismissal less than three weeks later and, in addition, the state court gave him ample opportunity to seek reinstatement of his appellate rights, which he did not pursue. See Report and Recommendation at 8-11.

　　Petitioner also argues in his Objections that he is entitled to equitable tolling because he is actually innocent of the underlying crimes. However, the United States Court of Appeals for the Third Circuit has "not yet decided whether a claim of actual innocence may equitably toll AEDPA's statute of limitations." Teagle v. Diguglielmo, 336 F. App'x. 209, 213 (3d Cir. 2009) (citation omitted). Moreover, even assuming that such a claim can toll the statute, tolling would not be appropriate here because Petitioner identifies no new evidence of actual innocence. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (explaining that actual innocence claim must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.").

　　Finally, because we conclude that Petitioner's habeas petition was properly dismissed as untimely, we also reject Petitioner's argument that Judge Caracappa erred in refusing Petitioner discovery that went solely to the merits of the claims presented in the Petition. See Oct. 11, 2012 Ord., Docket No. 18. For all of the foregoing reasons, we overrule Petitioner's Objections to Judge Caracappa's thorough and well-reasoned Report and Recommendation, and we approve and adopt the Report and Recommendation.